MOORE, Judge, concurring in part and dissenting in part.
I concur in all aspects of the main opinion except that portion that reverses the trial court's judgment to the extent that it ordered Carl David Myers ("the husband") to pay the private-school tuition of his minor child. As I wrote in J.D.A. v. A.B.A., 142 So.3d 603, 624 (Ala. Civ. App. 2013) (Moore, J., concurring in part, concurring in the result in part, and dissenting in part), when the parents' combined adjusted gross income exceeds the uppermost limit of the child-support schedule, see Appendix to Rule 32, Ala. R. Jud. Admin., as in the present case, Rule 32(C)(4), Ala. R. Jud. Admin., does not apply. In those circumstances, the trial court determines child support based on the amount the children of the marriage need in order to maintain the former marital standard of living and on the ability of the obligor parent to meet those needs.
In the present case, the trial court must have determined that, in addition to the necessaries provided for in its child-support award, the former marital standard of living also included the minor child's attendance at a private school. See J.D.A., 142 So.3d at 624 (Moore, J., concurring in part, concurring in the result in part, and dissenting in part). In my opinion, that part of the judgment awarding private-school tuition does not violate Rule 32(C)(4), which I conclude is inapplicable. Therefore, I dissent from the main opinion insofar as it reverses the trial court's judgment based on the trial court's failure to comply with Rule 32(C)(4). Also, because I reject the argument made by the husband regarding Rule 32(C), I would proceed to address the remaining arguments raised by the husband in his appeal concerning the award of private-school tuition.